UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 9:24-cv-80867-DMM

MARCO VERCH,

    Plaintiff,

v.

AUTOMATA TRANSACTIONS, LLC d/b/a GRUBBRR,

    Defendant.

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Automata Transactions, LLC d/b/a GRUBBRR (hereinafter "Defendant", "Grubbrr" or "Automata"), by and through undersigned counsel, hereby files this Answer, to Plaintiff Marco Verch's (hereinafter "Plaintiff" or "Verch") Complaint with Affirmative Defenses and, in support, avers as follows:

## ANSWER

### THE PARTIES

1. Plaintiff is an individual who is a citizen of the Republic of Germany residing in the city of Cologne.

   **Answer: 1.   Grubbrr lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1 of the Complaint and therefore denies them.**

2. Defendant is a limited liability company organized and existing under the laws of the State of Florida with its principal place of business located at 1081 Holland Drive, Boca Raton, FL 33487. Defendant's agent for service of process is Sheila S.

Zietz, Esq., 1081 Holland Drive, Boca Raton, FL 33487.

**Answer: 2.     Admitted.**

JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a).

   **Answer: 3.     Admitted.**

4. This Court has personal jurisdiction over Defendant because it has maintained sufficient minimum contacts with this State such that the exercise of personal jurisdiction over it would not offend traditional notions of fair play and substantial justice.

   **Answer: 4.     Admitted.**

5. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district. "A defendant 'may be found' in a district in which he could be served with process; that is, in a district which may assert personal jurisdiction over the defendant." Palmer v. Braun, 376 F.3d 1254, 1259-60 (11th Cir. 2004). "In other words, 'if a court has personal jurisdiction over the defendants in a copyright infringementaction, venue in that court's district is proper.'" McGregor v. In Tune Music Grp., No. 15-62044-CIV-ZLOCH, 2016 U.S. Dist. LEXIS 190302, at *11 (S.D. Fla. July 29, 2016) (quoting Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Indus., Ltd., 767 F. Supp. 181, 185 (N.D. Ill.1991)).

   **Answer: 5.     Admitted.**

FACTS

6. Plaintiff is a professional photographer in the business of taking high-end photography using state-of-the-art equipment.

**Answer: 6.** **Grubbrr lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6 of the Complaint and therefore denies them.**

7. Plaintiff began photography after receiving his first camera in 1996 and specializes in travel, food, aerial and special events photography such as marathons and triathlons.

**Answer: 7.** **Grubbrr lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7 of the Complaint and therefore denies them.**

8. Plaintiff's photographs have been published on various websites such as National Geographic, Mashable.com, TechCrunch, Forbes.com, Businessinsider.com, and Yahoo.com.

**Answer: 8.** **Grubbrr lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8 of the Complaint and therefore denies them.**

9. In 2021, Plaintiff created a professional photograph titled "Form-SS-4--Application-for-Employer-Identification-Number" (the "Work"). A copy of the Work is displayed below:



**Answer: 9.    Grubbrr lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9 of the Complaint and therefore denies them.**

10. The Work was registered by Plaintiff with the Register of Copyrights on April 9, 2021, and was assigned Registration No. VA 2-254-210. A true and correct copy of the Certificate of Registration pertaining to the Work is attached hereto as <u>Exhibit A</u>.

    **Answer: 10. Grubbrr lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10 of the Complaint and therefore denies them.**

11. Plaintiff is the owner of the Work and has remained the owner at all times material hereto.

    **Answer: 11.  Grubbrr lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11 of the Complaint and therefore denies them.**

4

12. Defendant is a leading global commerce automation company that offers self-ordering technologies including kiosks, mobile ordering, contactless smart lockers and more, to help businesses maximize revenue, decrease labor costs, and increase operational efficiency while improving the consumer experience.

**Answer: 12.   Admitted.**

13. Defendant advertises/markets its business through its website (https://grubbrr.com/), social media (e.g., https://www.facebook.com/GRUBBRR/ and https://www.youtube.com/grubbrrkiosksystem), and other forms of advertising.

**Answer: 13.   Admitted.**

14. On August 27, 2021 (after the above-referenced copyright registration of the Work), Defendant displayed and/or published the Work on its website, webpage, and/or social media (at https://grubbrr.com/required-restaurant-licenses-and-permits/):



**Answer: 14.   Admitted that Defendant displayed the Work on August 27, 2021. Grubbrr lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 14 of the Complaint and therefore denies them.**

15. A true and correct copy of the screenshots of Defendant's website, webpage, and/or social media, displaying the copyrighted Work, is attached hereto as <u>Exhibit B</u>.

    **Answer: 15.   Admitted.**

16. Defendant is not and has never been licensed to use or display the Work. Defendant never contacted Plaintiff to seek permission to use the Work in connection with Defendant's website, webpage, and/or social media – even though the Work that was copied is clearly professional photography that would put Defendant on notice that the Work was not intended for public use.

    **Answer: 16.   Denied that Defendant has never been licensed to use or display the work. Admitted that Defendant never contacted Plaintiff to use the Work. Denied as to all other allegations of Paragraph 16.**

17. Defendant utilized the Work for commercial use.

    **Answer: 17.   Admitted.**

18. Upon information and belief, Defendant located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

    **Answer: 18.   Denied.**

19. Through his ongoing diligent efforts to identify unauthorized use of his photographs, Plaintiff discovered Defendant's unauthorized use/display of the Work in October 2021. Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use. To date, Plaintiff has been unable to negotiate a reasonable license for the past infringement of his Work.

    **Answer: 19.   Grubbrr lacks knowledge or information sufficient to form a belief**

about the truth of the allegations in paragraph 19 of the Complaint and therefore denies them.

20. All conditions precedent to this action have been performed or have been waived.

   **Answer: 20. Grubbrr lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20 of the Complaint and therefore denies them.**

COUNT I – COPYRIGHT INFRINGEMENT

21. Plaintiff re-alleges and incorporates paragraphs 1 through 20 as set forth above.

   **Answer: 21. Grubbrr incorporates by reference its responses to paragraphs 1 through 20.**

22. Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

   **Answer: 22. Grubbrr lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22 of the Complaint and therefore denies them.**

23. Plaintiff owns a valid copyright in each photograph comprising the Work, having registered the Work with the Register of Copyrights.

   **Answer:23. Grubbrr lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23 of the Complaint and therefore denies them.**

24. Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as he has sufficient rights, title, and interest to such copyright (as Plaintiff serves as the exclusive

licensing agent with respect to the Work).

**Answer: 24.   Grubbrr lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24 of the Complaint and therefore denies them.**

25. As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to its own reproduction, distribution, and public display of the Work on its website, webpage, and/or social media.

**Answer: 25.   Denied.**

26. Defendant reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

**Answer: 26.   Denied.**

27. By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501. Defendant's infringement was either direct, vicarious, and/or contributory.

**Answer: 27.   Denied.**

28. Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Notably, Defendant itself utilizes a copyright disclaimer on its website ("© 2021 GRUBBRR®"), indicating that Defendant understands the importance of copyright protection/intellectual property rights and is actually representing that it owns each of the photographs published on its website. See, e.g., Bell v. ROI Prop. Grp. Mgmt., LLC, No. 1:18-cv-00043-TWP-DLP, 2018 U.S. Dist. LEXIS 127717, at *3 (S.D. Ind. July 31, 2018) ("[T]he willfulness of ROI's infringement is evidenced by the fact that at the bottom of the webpage on which

the Indianapolis photograph was unlawfully published appeared the following: 'Copyright © 2017.' By placing a copyright mark at the bottom of its webpage that contained Mr. Bell's copyrighted Indianapolis Photograph, Mr. Bell asserts ROI willfully infringed his copyright by claiming that it owned the copyright to everything on the webpage."); John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc., Civil Action No. 3:12-cv-4194-M, 2013 U.S. Dist. LEXIS 61928, at *12-13 (N.D. Tex. May 1, 2013) ("Once on Defendant's website, Defendant asserted ownership of Plaintiff's Registered Work by including a copyright notice at the bottom of the page. Based on these allegations, the Court finds Plaintiff has sufficiently pled a willful violation…."). Defendant clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

**Answer: 28.   Denied.**

29. Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

    **Answer: 29.   Denied.**

30. Plaintiff is entitled to recover his actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

    **Answer: 30.   Denied.**

31. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

    **Answer: 31.   Denied.**

32. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover his costs and attorneys' fees as a result of Defendant's conduct.

   **Answer: 32.   Denied.**

33. Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

   **Answer: 33.   Denied.**

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. To the extent, if any, that Defendant's use of any Photograph was unauthorized by Plaintiff, Defendant's acts were innocent, in good faith, and non-willful, as Defendant was not aware and had no reason to believe that its acts were unauthorized.

2. In this respect, Defendant relies on the fact that the Defendant in good faith and without any knowledge of the Author of the Work, obtained on June 28, 2021 a license from Shutterstock, Inc. 350 Fifth Ave. 20th Floor, New York, NY 10118 ("Shutterstock") to publish the work.

3. Shutterstock warranted that the Work, as used by Defendant, was permitted under the applicable license terms.

   Wherefore Defendant prays that Plaintiff's request for statutory damages be limited in the discretion of the Court to the amount of $200 provided for in 15 U.S.C. Section 504(c)(2).

SECOND AFFIRMATIVE DEFENSE

4. Plaintiff's work as seen in Paragraph 9 of the Complaint is entitled "Form-SS-4--Application-for-Employer-Identification-Number" and is a photograph of the form SS-4. Such forms are not copyrightable and are in the public domain. 17 U.S. Code § 105(a) which states: "Copyright protection under this title is not available for any work of the United States Government." What Defendant published was in the public domain.

THIRD AFFIRMATIVE DEFENSE

5. Defendant's use of the Work is a Fair Use under Section 107 of the Copyright Act.

ADDITIONAL AFFIRMATIVE DEFENSES

Defendant reserves the right to assert all other affirmative defenses of which the Defendant becomes aware during the pendency of this matter.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants respectfully request that this Court enter judgment against Plaintiff and enter an order dismissing all Counts of the Complaint with prejudice, awarding Defendants' their reasonable attorneys' fees and costs and awarding any additional relief, either in law or equity, as the Court determines is just and equitable.

*[signature on following page]*

        Respectfully submitted,

        **LOTT & FISCHER PL**

Dated: September 23, 2024        /Ury Fischer/
        Ury Fischer
        Florida Bar No. 048534
        E-mail: ufischer@lottfischer.com
        Noah H. Rashkind
        Florida Bar No. 021945
        E-mail: nrashkind@lottfischer.com
        255 Aragon Avenue, Third Floor
        Coral Gables, FL 33134
        Telephone: (305) 448-7089

        and

        **CAESAR RIVISE, PC**
        Manny D. Pokotilow*
        E-mail: mpokotilow@crbcp
        Douglas Panzer*
        E-mail: dpanzer@crbcp.com
        7 Penn Center, 12th Floor
        1635 Market Street
        Philadelphia, PA 19103
        Telephone: (215) 567-2010

        **Admitted Pro Hac Vice*

        ***Attorneys for Defendant Automata Transactions, LLC d/b/a GRUBBRR***