UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:24-cv-80867-DMM

MARCO VERCH,

    Plaintiff,

v.

AUTOMATA TRANSACTIONS, LLC d/b/a GRUBBRR,

    Defendant/Third-Party Plaintiff,

v.

SHUTTERSTOCK, INC.,

    Third-Party Defendant.
_____/

### MOTION TO VACATE CLERK'S DEFAULT AND FOR LEAVE TO FILE ANSWER

Third-Party Defendant, SHUTTERSTOCK, INC. ("SHUTTERSTOCK") moves this Honorable Court, for good cause shown, to vacate the clerk's default entered on October 28, 2024 (DE 28), pursuant to Federal Rule of Civil Procedure ("Rule") 55(c), and Local Rule 7.1C, and for leave to file its Answer.

### RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

1. On July 17, 2024, Plaintiff, MARCO VERCH filed a copyright infringement suit against Defendant, AUTOMATA TRANSACTIONS, LLC ("AUTOMATA"). (DE 1).

2. On September 23, 2024, AUTOMATA filed a third-party action against SHUTTERSTOCK, asserting allegations of breach of contract and contractual indemnity—among others—related to SHUTTERSTOCK's license to AUTOMATA for the photograph at issue in the original suit.  (DE 16).

3. On October 2, 2024, during the first day of the Rosh Hashanah religious holiday, SHUTTERSTOCK was served with the Third-Party Complaint.  (*See* Declaration of James Rosenfeld ["Rosenfeld Decl."] ¶ 2)(Exhibit "1").

4. SHUTTERSTOCK retained Mr. Rosenfeld as outside counsel to evaluate the claims on Friday, October 16, 2024, and provided the relevant documentation on October 18, 2024.  (Rosenfeld Decl. ¶ 3).  My law firm failed to calendar SHUTTERSTOCK's response date of October 23 due to a clerical error.  (*Id*).

5. The following week, Mr. Rosenfeld was required to travel to the Western District of Texas for a work commitment, while addressing other obligations and seeking information on SHUTTERSTOCK's own right to indemnity from a third-party.  (Rosenfeld Decl. ¶ 4).

6. On October 25, 2024, Automata moved for default (DE 27), which was entered by the clerk on October 28, 2024 (DE 28).

7. On the same day that default was entered, SHUTTERSTOCK's counsel met and conferred telephonically with Automata's counsel regarding the default.  (Rosenfeld Decl. ¶ 6).  Despite SHUTTERSTOCK's affirmation that it intended to indemnify Automata in the underlying suit, AUTOMATA's counsel was unwilling to stipulate to vacatur of the default.  (*Id.*).

## **MEMORANDUM OF LAW**

Pursuant to Rule 55(c), the Court has discretion to set aside a default "for good cause."  It is well-established in this District and Circuit that "defaults are seen with disfavor because of the strong policy of determining cases on their merits."  *Fla. Physician's Ins. Co. v. Ehlers*, 8 F.3d

780, 783 (11th Cir. 1993); *Rodriguez v. Brim's Food, Inc.*, 2013 WL 3147348, at *2 (S.D. Fla. 2013). "The good cause standard is to be construed liberally on a case-by-case basis," and courts consider multiple factors, including: "(1) whether the default was culpable or willful; (2) whether setting it aside would prejudice the adversary; (3) whether the defaulting party presents a meritorious defense; (4) whether the public interest is implicated; (5) whether there was significant financial loss to the defaulting party; and (6) whether the defaulting party acted promptly to correct the default." *Rodriguez*, 2013 WL 3147348, at *1-2 (citing *Compania Interamericana Export–Import, S.A. v. Compania Dominicana de Aviation*, 88 F.3d 948, 951 (11th Cir. 1996)). Based on the policy favoring adjudication on the merits, "the movant only must make a bare minimum showing to support its claim for relief" under Rule 55(c). *Id.* (citation omitted).

SHUTTERSTOCK is entitled to relief under Rule 55(c) because good cause exists to vacate the default, as established by each factor.

## 1. Whether the default is culpable or willful

SHUTTERSTOCK and its counsel did not act culpably or willfully. The failure to timely respond was inadvertent and the result of administrative error, conflicting duties, religious holidays and excusable neglect. (Rosenfeld Decl. ¶¶ 4-5). Case law in this District affirms that a brief delay—in this case, less than one week—resulting from inadvertence or mistake does not vitiate good cause show culpability. *See, e.g.*, *Rodriguez*, 2013 WL 3147348, at *2 (motion to vacate default by newly retained counsel eleven days after deadline showed that there was "no willful disregard involved as a reason for their failure to respond"); *S.E.C. v. Altomare*, 2014 WL 4388614, at *2 (S.D. Fla. 2014) (request for vacatur after two weeks was a "rapid" response, evidencing a lack of culpable disregard for the missed deadlines). Accordingly, this factor weighs in favor of vacatur.

### 2. **Whether vacatur would prejudice Automata**

Automata will not be prejudiced by setting aside the clerk's entry of default. "Delay in adjudicating a plaintiff's claim does not qualify as sufficient prejudice under Rule 55. Instead, [Automata] would have to show that the delay would result in a loss of evidence, increased opportunities for fraud, or discovery difficulties." *Rodriguez*, 2013 WL 3147348, at *3 (quoting *Griffin IT Media, Inc., v. Intelligentz Corp.*, 2008 WL 162754, at *3 (S.D. Fla. 2008)). Because Shutterstock's delay is short and it wishes to participate in this litigation, *see id.*, and this case is still in its initial phase, there is no prejudice and this factor weighs in favor of vacatur. Moreover, SHUTTERSTOCK has agreed that it will indemnify AUTOMATA. (Rosenfeld Decl. ¶ 6), and thus it will not be prejudiced by vacatur in any way.

### 3. **Whether Shutterstock presents a meritorious defense**

In general, Automata's third-party claims against SHUTTERSTOCK stem from allegations of an improper license and refusal to indemnify Automata against Mr. Verch's infringement claim. (*See* DE 16). Because SHUTTERSTOCK has confirmed it *will* indemnify AUTOMATA pursuant to the parties' agreement (Rosenfeld Decl. ¶ 6), which provides more than a "a 'hint of a suggestion' that [its] case has merit," *see Rodriguez*, 2013 WL 3147348, at *3 (quoting *Griffin*, 2008 WL 162754, at *3), this factor weighs in favor of vacatur.

### 4. **Whether the public interest is implicated**

SHUTTERSTOCK respectfully suggests the public interest favors vacating the default and adjudicating this action on the merits, as the Eleventh Circuit disfavors default judgments. *See Ehlers*, 8 F.3d at 783.

### 5. Whether Shutterstock will experience significant financial loss

AUTOMATA's third-party complaint seeks indemnification of Mr. Verch's damages, attorneys' fees and costs—as well as AUTOMATA's separate compensatory damages, punitive damages, and attorneys' fees and costs—which may be substantial. (DE 16 at 10-11). As such, SHUTTERSTOCK would experience a significant financial loss by virtue of any default judgment and this factor weighs in favor of vacatur.

### 6. Whether Shutterstock acted promptly to correct the default

As detailed above, SHUTTERSTOCK contacted AUTOMATA's counsel and has sought to vacate the default within days of AUTOMATA's motion and the clerk's entry. Accordingly, SHUTTERSTOCK's diligence in seeking to address the default, file its answer, and litigate this matter supports vacatur. *See Griffin*, 2008 WL 162754, at *2.

Based on the foregoing, SHUTTERSTOCK respectfully requests the Court vacate the clerk's default, and grant leave for SHUTTERSTOCK to file its answer to AUTOMATA's third-party complaint. (*See* Ex. 2).

### LOCAL RULE 7.1 CERTIFICATE OF CONFERRAL

Counsel for the moving party certifies that they made reasonable efforts to confer with AUTOMATA's counsel on October 28, 2024, via telephone and email, and AUTOMATA's counsel did not agree to the relief requested herein.

WHEREFORE, Third-Party Defendant SHUTTERSTOCK, INC. this Court enter an order setting aside the clerk's default and granting SHUTTERSTOCK leave to file its answer appended as Exhibit "2".

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was electronically filed with the Clerk of Court using CM/ECF and served on all counsel of record on the attached service list in

CASE NO. 9:24-cv-80867-DMM

the manner specified either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing on this 30th day of October, 2024.

Respectfully Submitted,

/s/ *Jeffrey A. Blaker*
Jeffrey A. Blaker, Esquire
Florida Bar No. 443913
jblaker@conroysimberg.com
eservicewpb@conroysimberg.com
Conroy Simberg
1801 Centrepark Drive East, Suite 200
West Palm Beach, FL 33401
Telephone: (561) 697-8088

James Rosenfeld, Esquire (*pro hac vice forthcoming*)
jamesrosenfeld@dwt.com
Davis Wright Tremaine LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Telephone: (212)603-6455

*Counsel for Third-Party Defendant Shutterstock, Inc.*

## SERVICE LIST

MARCO VERCH v. AUTOMATA TRANSACTIONS, LLC
CASE NO.: 24-CV-80867-DMM

| | |
|---|---|
| Jonathan Alejandrino<br>COPYCAT LEGAL PLLC<br>3111 N. University Dr., Suite 301<br>Coral Springs, FL 33065<br>Telephone: 954-479-1473<br>Email: jonathan@copycatlegal.com | Ury Fischer<br>Noah H. Rashkind<br>Lott & Fischer<br>255 Aragon Avenue<br>Third Floor<br>Coral Gables, FL 33134<br>305-448-7089<br>Fax: 305-446-6191<br>Email: ufischer@lottfischer.com,<br>nrashkind@lottfischer.com |

CASE NO. 9:24-cv-80867-DMM

Manny D. Pokotilow
Douglas Panzer
Caesar Rivise, PC
1635 Market Street
12th Floor
Philadelphia, PA 19103
(215) 567-2010
Email: mpokotilow@crbcp.com,
dpanzer@crbcp.com

/s/ *Jeffrey A. Blaker*
Jeffrey A. Blaker, Esquire
Florida Bar No. 443913