UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-80867-DMM

MARCO VERCH, citizen of the Republic of
Germany,

    Plaintiff,

v.

AUTOMATA TRANSACTIONS, LLC d/b/a/
GRUBBRR, a Florida limited liability company,

    Defendant/Third-Party Plaintiff,

v.

SHUTTERSTOCK, INC., a Delaware corporation,

    Third-Party Defendant.
_____/

## THIRD-PARTY DEFENDANT SHUTTERSTOCK, INC.'S ANSWER AND AFFIRMATIVE DEFENSES

Third-Party Defendant Shutterstock, Inc. ("Shutterstock"), pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, files the following Answer and Affirmative Defenses to the Third-Party Complaint served on October 2, 2024. To the extent that any allegation in the complaint is not specifically admitted, the allegations are denied.

## PARTIES

1. Shutterstock lacks knowledge or information sufficient to answer the allegations in Paragraph 1, and therefore it is denied.

2. Shutterstock lacks knowledge or information sufficient to answer the allegations in Paragraph 2, and therefore it is denied.

3.     Shutterstock admits that it is a Delaware corporation with its principal place of business located at 350 Fifth Avenue, 20th Floor, New York, New York 10118.

## JURISDICTION AND VENUE

4.     Shutterstock admits that Plaintiff Marco Verch's ("Verch") complaint against Defendant/Third-Party Plaintiff Automata Transactions, LLC ("Automata") alleges copyright infringement under federal law. Paragraph 4 otherwise states legal conclusions to which no response is required.

5.     Shutterstock admits that it is a Delaware corporation. Shutterstock lacks knowledge or information sufficient to answer the allegations concerning Verch and Automata, and therefore they are denied. Paragraph 5 otherwise states legal conclusions to which no response is required.

6.     Paragraph 6 states legal conclusions to which no response is required.

7.     Paragraph 7 states a legal conclusion to which no response is required.

## FACTS

8.     Shutterstock admits that Exhibit A appears to be a copy of the complaint in this action ("Complaint") but lacks knowledge or information sufficient to answer the allegation concerning the filing of the Complaint and therefore denies those allegations.

9.     Shutterstock admits that the Complaint refers to a photograph titled "Form-SS-4—Application-for-Employer-Identification-Number." Shutterstock admits that this photograph appears to be displayed in Paragraph 9 of the Complaint. Shutterstock lacks knowledge or information sufficient to answer the remaining allegations in Paragraph 9, and therefore it is otherwise denied.

10.    Shutterstock admits that the Complaint contains the quoted allegations.

11. Shutterstock admits that on June 28, 2021, Automata obtained a license from Shutterstock to use and publish a photograph uploaded by a contributor to the Shutterstock platform appearing to be "Form-SS-4—Application-for-Employer-Identification-Number." Shutterstock admits that Exhibit B appears to be a copy of the proof of license letter from Shutterstock.

12. Shutterstock admits that the terms of the license would have been set forth in Shutterstock's Terms of Service in effect on June 28, 2021 ("Terms of Service"). Shutterstock admits that Exhibit C appears to be a copy of Shutterstock's Terms of Service as of that date.

13. Shutterstock admits that its Terms of Service contained the quoted language at the alleged license date.

14. Shutterstock admits that its Terms of Service contained "Warranties and Representations" at the alleged license date, and respectfully refers the Court to those provisions. To the extent Paragraph 14 states legal conclusions, no response is required.

15. Shutterstock admits that its Terms of Service contained "Indemnification and Liability" provisions at the alleged license date, and respectfully refers the Court to those provisions. To the extent Paragraph 15 states legal conclusions, no response is required.

### COUNT I – BREACH OF CONTRACT

16. Shutterstock incorporates by reference its responses to Paragraphs 1 through 15 as if fully set forth herein.

17. Shutterstock admits that when Automata purchased a license to publish a photograph from Shutterstock on June 28, 2021, Automata and Shutterstock entered into a valid contract, the terms of which were embodied in the Terms of Service.

18. Shutterstock lacks knowledge or information sufficient to answer the allegations in Paragraph 18, and therefore it is denied.

19. Shutterstock admits that the Terms of Service contained the quoted language as of the alleged license date. To the extent Paragraph 19 states legal conclusions, no response is required.

20. Shutterstock admits that the Terms of Service contained the quoted language as of the alleged license date. To the extent Paragraph 20 states legal conclusions, no response is required.

21. Shutterstock lacks knowledge or information sufficient to answer the allegations in Paragraph 21, and therefore it is denied.

22. Shutterstock admits that the Complaint contains the quoted allegations.

23. Paragraph 23 states legal conclusions to which no response is required.

24. Paragraph 24 states legal conclusions to which no response is required. To the extent a response is required, Shutterstock lacks knowledge or information sufficient to answer the allegations in Paragraph 24, and therefore it is denied.

## COUNT II – CONTRACTUAL INDEMNITY

25. Shutterstock incorporates by reference its responses to Paragraphs 1 through 15 as if fully set forth herein.

26. Shutterstock admits the Terms of Service contained the quoted language as of the alleged license date. To the extent Paragraph 26 states legal conclusions, no response is required.

27. Shutterstock admits that the Terms of Service contained the language "including reasonable attorneys' fees" as of the alleged license date. To the extent Paragraph 27 states legal conclusions, no response is required.

28. Shutterstock lacks knowledge or information sufficient to answer the allegations in Paragraph 28, and therefore it is denied. To the extent Paragraph 28 states legal conclusions, no response is required.

29. Paragraph 29 states legal conclusions to which no response is required. To the extent Paragraph 29 states legal conclusions, no response is required.

30. Paragraph 30 states legal conclusions to which no response is required.

31. Paragraph 31 states legal conclusions to which no response is required. To the extent a response is required, Shutterstock lacks knowledge or information sufficient to answer the allegations in Paragraph 31, and therefore it is denied.

## **COUNT III – FRAUDULENT MISREPRESENTATION**

32. Shutterstock incorporates by reference its responses to Paragraphs 1 through 15 as if fully set forth herein.

33. Shutterstock admits the Terms of Service contained the quoted language as of the alleged license date. To the extent Paragraph 33 states legal conclusions, no response is required.

34. Shutterstock admits the Terms of Service contained the quoted language as of the alleged license date. To the extent Paragraph 34 states legal conclusions, no response is required.

35. Shutterstock lacks knowledge or information sufficient to answer the allegations in Paragraph 35, and therefore it is denied. To the extent Paragraph 35 states legal conclusions, no response is required.

36. Shutterstock denies the allegations in Paragraph 36.

37. Paragraph 37 states legal conclusions to which no response is required. To the extent a response is required, Shutterstock lacks knowledge or information sufficient to answer the allegations in Paragraph 37, and therefore it is denied.

38. Paragraph 38 states legal conclusions to which no response is required. To the extent a response is required, Shutterstock lacks knowledge or information sufficient to answer the allegations in Paragraph 38, and therefore it is denied.

39. Paragraph 39 states legal conclusions to which no response is required. To the extent a response is required, Shutterstock lacks knowledge or information sufficient to answer the allegations in Paragraph 39, and therefore it is denied.

## **COUNT IV – NEGLIGENT MISREPRESENTATION**

40. Shutterstock incorporates by reference its responses to Paragraphs 1 through 15 as if fully set forth herein.

41. Shutterstock admits the Terms of Service contained the quoted language as of the alleged license date. To the extent Paragraph 41 states legal conclusions, no response is required.

42. Shutterstock admits the Terms of Service contained the quoted language as of the alleged license date. To the extent Paragraph 42 states legal conclusions, no response is required.

43. Shutterstock lacks knowledge or information sufficient to answer the allegations in Paragraph 43, and therefore it is denied. To the extent Paragraph 43 states legal conclusions, no response is required.

44. Shutterstock denies the allegations in Paragraph 44.

45. Shutterstock denies the allegations in Paragraph 45.

46. Paragraph 46 states legal conclusions to which no response is required. To the extent a response is required, Shutterstock lacks knowledge or information sufficient to answer the allegations in Paragraph 46, and therefore it is denied.

47. Paragraph 47 states legal conclusions to which no response is required. To the extent a response is required, Shutterstock lacks knowledge or information sufficient to answer the allegations in Paragraph 47, and therefore it is denied.

48. Paragraph 48 states legal conclusions to which no response is required. To the extent a response is required, Shutterstock lacks knowledge or information sufficient to answer the allegations in Paragraph 48, and therefore it is denied.

## **COUNT V – FRAUD IN THE INDUCEMENT**

49. Shutterstock incorporates by reference its responses to Paragraphs 1 through 15 as if fully set forth herein.

50. Shutterstock admits that its Terms of Service contained "Warranties and Representations" as of the alleged license date, and respectfully refers the Court to those provisions. To the extent Paragraph 50 states legal conclusions, no response is required.

51. Shutterstock admits that the Terms of Service contained the quoted language as of the alleged license date. To the extent Paragraph 51 states legal conclusions, no response is required.

52. Shutterstock denies the allegations in Paragraph 52.

53. Shutterstock denies the allegations in Paragraph 53.

54. Paragraph 54 states legal conclusions to which no response is required. To the extent a response is required, Shutterstock lacks knowledge or information sufficient to answer the allegations in Paragraph 54, and therefore it is denied.

55. Paragraph 55 states legal conclusions to which no response is required. To the extent a response is required, Shutterstock lacks knowledge or information sufficient to answer the allegations in Paragraph 55, and therefore it is denied.

56. Paragraph 56 states legal conclusions to which no response is required.

57. Paragraph 57 states legal conclusions to which no response is required. To the extent a response is required, Shutterstock lacks knowledge or information sufficient to answer the allegations in Paragraph 57, and therefore it is denied.

## DEMAND FOR JURY TRIAL

58. Paragraph 58 states a legal conclusion to which no response is required.

## AFFIRMATIVE DEFENSES

1. Third-Party Plaintiff fails to state a claim upon which relief can be granted.

2. Third-Party Plaintiff's injuries and damages, if any, are the result of its own actions or inactions.

3. Third-Party Plaintiff's injuries and damages, if any, are the result of its own misconduct, lack of diligence, bad faith, and/or negligence.

4. Third-Party Plaintiff's injuries and damages, if any, are the result of third parties' actions or inactions.

5. Third-Party Plaintiff's claims are barred on the grounds of waiver, estoppel, and/or unclean hands.

6. The Court lacks personal jurisdiction over Shutterstock and the venue is improper.

7. The Court lacks federal question jurisdiction over this matter.

8. The Court lacks diversity jurisdiction over this matter because Third-Party Plaintiff's damages do not meet the amount in controversy.

9. Even if the Court has subject matter jurisdiction over this matter, there is no basis for the Court to exercise supplemental jurisdiction over Third-Party Plaintiff's state law claims.

10. Shutterstock is not liable to the extent Third-Party Plaintiff or any third party modified the photograph.

11. The Terms of Service contained a mandatory arbitration clause as of the alleged license date such that Third-Party Plaintiff must arbitrate its claims against Shutterstock.

12. The Terms of Service contained limitation of liability provisions as of the alleged license date such that Shutterstock is not required to indemnify Third-Party Plaintiff beyond the customer's "direct damages arising from a third-party claim directly attributable to Shutterstock's breach of the express warranties and representations[.]"

13. The Terms of Service contained limitation of liability provisions as of the alleged license date such that Shutterstock's "total maximum aggregate obligation and liability" does not exceed the amounts specified by contract.

14. Third-Party Plaintiff is not entitled to punitive damages for any claim.

15. Shutterstock reserves the right to amend these affirmative defenses upon proper motion and notice.

CASE NO. 24-CV-80867-DMM

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was electronically filed with the Clerk of Court using CM/ECF and served on all counsel of record on the attached service list in the manner specified either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing on this 8th day of November 2024.

CONROY SIMBERG
Attorney for Third-Party Defendant Shutterstock, Inc.
1801 Centrepark Drive East, Suite 200
West Palm Beach, FL 33401
Telephone: 561-697-8088
Facsimile: 954-967-8577
Primary Email: eservicewpb@conroysimberg.com
Secondary Email: jblaker@conroysimberg.com

By: /s/ *Jeffrey A. Blaker*
Jeffrey A. Blaker, Esquire
Florida Bar No. 443913

## SERVICE LIST

MARCO VERCH v. AUTOMATA TRANSACTIONS, LLC
CASE NO.: 24-CV-80867-DMM

Jonathan Alejandrino
COPYCAT LEGAL PLLC
3111 N. University Dr., Suite 301
Coral Springs, FL 33065
Telephone: 954-479-1473
Email: jonathan@copycatlegal.com

Ury Fischer
Noah H. Rashkind
Lott & Fischer
255 Aragon Avenue
Third Floor
Coral Gables, FL 33134
305-448-7089
Fax: 305-446-6191
Email: ufischer@lottfischer.com, nrashkind@lottfischer.com

Manny D. Pokotilow

CASE NO. 24-CV-80867-DMM

Douglas Panzer
Caesar Rivise, PC
1635 Market Street
12th Floor
Philadelphia, PA 19103
(215) 567-2010
Email: mpokotilow@crbcp.com, dpanzer@crbcp.com

/s/ *Jeffrey A. Blaker*
Jeffrey A. Blaker, Esquire
Florida Bar No. 443913